**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In Re: Complaint and Petition of Michael John Pogue,<br><br>　　　　　Petitioner, | No. CV-25-08012-PCT-MTL<br><br>**ORDER** |

  Pending before the Court is Petitioner's Complaint for Exoneration from or Limitation of Liability (the "Complaint") (Doc. 1), Petitioner's Stipulation for Value of Vessel ("Stipulation") (Doc. 3), and Petitioner's Ex Parte Motion for Supplemental Admiralty Rule F Order ("Rule F Motion") (Doc. 4).

**I. BACKGROUND**

  Petitioner filed the Complaint on January 17, 2025, seeking relief pursuant to Federal Rule of Civil Procedure 9(h), Federal Rule of Civil Procedure Supplemental Admiralty and Maritime Claims Rule F, 46 U.S.C. § 30529,* and 28 U.S.C. § 1333. (Doc. 1 ¶¶ 1, 3.) The Complaint alleges that Petitioner owns a 2019 Eliminator Speedster, HIN ELBE0125C919 (the "Vessel"), which was involved in a collision with Kenneth Mazon on the Colorado River Near Copper Canyon, Arizona (the "Incident") (*Id.* ¶¶ 4-5.). On September 19, 2024, Mazon filed a Complaint for Damages for Personal Injuries pertaining to the Incident in San Bernardino Superior Court, Case No. CIVSB2428734. (*Id.*) Here, Petitioner seeks an order approving its Stipulation and Letter of Undertaking, directing a

---

* Petitioner cites 46 U.S.C. §§ 30501-30512 for exoneration from or limitation of liability, but the Limitation of Liability Act of 1851 was renumbered to 46 U.S.C. §§ 30521-30530.

monition requiring claimants to file and make proof of claims, and staying prosecution of all other related claims.

**II.   DISCUSSION**

Petitioner's Rule F Motion relates to three categories: (1) value of the Vessel; (2) noticing of claimants; and (3) staying of other litigation. Petitioner satisfies the relevant rules for the first category but does not meet the necessary preconditions for the Court to address the second or third category. Because the requirements regarding the value of the Vessel are separate, the Court considers Petitioner's request for approval of the Stipulation for Value and the Letter of Undertaking.

**A.   Value of Vessel**

Within six months of receiving written notice of a claim, a seagoing vessel's owner "may bring a civil action in a district court of the United States for limitation of liability." 46 U.S.C. § 30529(a). To secure protection, the owner must deposit a security equal to the value of the vessel:

> The owner . . . shall deposit with the court, for the benefit of claimants, a sum equal to the amount or value of the owner's interest in the vessel and pending freight, or approved security therefor, and in addition such sums, or approved security therefor, as the court may from time to time fix as necessary to carry out the provisions of the statutes as amended.

Fed. R. Civ. P. Supp. R. F(1).

The Stipulation states that the Vessel "has an approximate value of $193,000." (Doc. 3 at 1.) It attaches a Letter of Undertaking in which American Modern Property and Casualty Insurance Company agrees to pay a sum up to $193,000 in the event of a final decree in favor of Kenneth Mazon. (Doc. 3-1.)

A letter of undertaking has previously been recognized as a proper form of security. *See e.g., In Re: Havasu Adventure Company, LLC,* Case No. 3:13-cv-08258-PGR, Order, Doc. 8 at 2 (D. Ariz. Dec. 3, 2013). As such, Petitioner has complied with Fed. R. Civ. P. Supp. R. F(1), and the Court approves the Stipulation and the Letter of Undertaking as security for Petitioner's interest in the Vessel.

**B.    Notice and Stay**

Fed. R. Civ. P. Supp. R. F(2) requires certain facts be included in the Complaint, including "the facts on the basis of which the right to limit liability is asserted and all facts necessary to enable the court to determine the amount to which the owner's liability shall be limited"; "the voyage if any, on which the demands sought to be limited arose, with the date and place of its termination"; "the amount of all demands including all unsatisfied liens or claims of lien, in contract or in tort or otherwise, arising on that voyage, so far as known to the plaintiff, and what actions and proceedings, if any, are pending thereon"; and "whether the vessel was damaged, lost, or abandoned, and, if so, when and where."

Once the owner has complied with these preliminary requirements, "all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease." Fed. R. Civ. P. Supp. R. F(3). The Court issues notice to Claimants, Fed. R. Civ. P. Supp. R. F(4), and Claimants may then contest the owner's "right to exoneration from or the right to limitation of liability." Fed. R. Civ. P. Supp. R. F(5).

The Court finds that Petitioner has not complied with Fed. R. Civ. P. Supp. R. F(2). The Complaint lacks necessary facts for the Court to issue a Notice to Claimants. *See Matter of Dushkin*, No. 3:21-CV-00138-SLG, 2021 WL 2815837 (D. Alaska July 6, 2021) (dismissing the Limitation Plaintiff's Motion for Monition and Complaint for failure to comply with Fed. R. Civ. P. Supp. R. F(2)). For instance, Petitioner's Complaint does not include the date of the Incident.

Thus, the Court denies without prejudice Petitioner's request for monition and to stay all pending cases related to the Incident.

**III.    CONCLUSION**

Accordingly,

**IT IS ORDERED** approving the Stipulation (Doc. 3) and Letter of Undertaking (Doc. 3-1) as security for Petitioner's interest in the Vessel.

**IT IS FURTHER ORDERED** denying the Rule F Motion (Doc. 4) without prejudice.

1      **IT IS FURTHER ORDERED** dismissing Petitioner's Complaint (Doc. 1) without prejudice for failure to state a claim on which relief can be granted.

      **IT IS FURTHER ORDERED** Petitioner may file an Amended Complaint and renewed Rule F Motion within **30 days**, if able to do so in compliance with Federal Rule of Civil Procedure Supplemental Admiralty and Maritime Claims Rule F.

      **IT IS FINALLY ORDERED** that if Petitioner fails to file an Amended Complaint by the deadline, the Clerk of Court, without further notice, must terminate this case and enter a judgment of dismissal.

      Dated this 13th day of March, 2025.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge