**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

In Re: Complaint and Petition of Michael John Pogue,

Petitioner.

No. CV-25-08012-PCT-MTL

**ORDER**

The matter before the court is Potential Claimant Kenneth Mazon's Rule 60(b)(6) Motion for Relief from Judgment. (Doc. 14) The Court has considered the parties' briefing on the motion and finds that oral argument is not necessary as it will not aid in the decisional process. *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998); *see also* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

The parties are familiar with the facts, so the Court will not recite them here. Mr. Mazon moves the Court to vacate the December 9, 2025, judgment (Doc. 13) and enlarge the time for him to file a claim under Supplemental Admiralty Rule F(4). (Doc. 14.) Federal Rule of Civil Procedure 60(b)(6) permits the Court to relieve a party from a final judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Relief under Rule 60(b)(6) requires extraordinary circumstances." *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 210 (2025). When the judgment was entered against a party who never appeared, the Court considers (1) whether the movant engaged in culpable conduct that led to the default, (2) whether the movant has a meritorious claim or defense, and (3) whether reopening the judgment would prejudice the other party. *Franchise Holding II, LLC. v.*

*Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). The motion must also be made "within a reasonable time." Fed. R. Civ. P. 60(c)(1). In a limitation proceeding, the Court may separately "enlarge the time within which claims may be filed" for cause shown. Fed. R. Civ. P. Supp. R. F(4). "Motions for relief from judgment are . . . 'addressed to the sound discretion of the district court . . . .'" *In re Hawai'i Island Air, Inc.*, No. 24-5683, 2026 WL 2919183, at *38, — F.4d —, (9th Cir. Sept. 29, 2026) (quoting *Casey v. Albertson's Inc.*, 362 F.3d 1254, 1257 (9th Cir. 2004)).

The Court finds that extraordinary circumstances justify vacating the judgment as to Mr. Mazon. Petitioner knew before filing this action that Mr. Mazon had sued him in California and was represented by counsel. (Doc. 1 ¶ 4.) The only mailed notice to Mr. Mazon misspelled his attorney's first name and was accompanied by a certificate of service dated three months before it was filed, and Mr. Mazon's counsel attests under oath that his firm never received it. (Doc. 10 at 4-5; Doc. 14-2 ¶¶ 7-9); *see Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002) (suggesting that a sworn denial of receipt may rebut the presumption that *regular* mail was delivered). This record indicates that Mr. Mazon did not intentionally fail to file a claim, so his conduct was not culpable. *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001). Mr. Mazon has also shown a potentially meritorious claim, having alleged in his California action that Petitioner negligently struck him with his boat. (Doc. 14-1 ¶ 14.) And reopening the judgment will not prejudice Petitioner because "merely being forced to litigate on the merits cannot be considered prejudicial." *TCI Grp.*, 244 F.3d at 701. Finally, the Court finds that Mr. Mazon's motion was filed within a reasonable time. Mr. Mazon moved roughly five months after learning of the judgment, and Petitioner identifies no prejudice traceable to that specific period of time. (Doc. 15 at 4 n.1.)

The Court will therefore vacate its judgment (Doc. 13) as to Mr. Mazon only and direct him to file a claim.

. . . .

. . . .

**IT IS THEREFORE ORDERED** as follows:

1. The Rule 60(b)(6) Motion for Relief From Judgment (Doc. 14) is **GRANTED**.

2. The December 9, 2025 Clerk's Judgment (Doc. 13) is **VACATED** as to Potential Claimant Kenneth Mazon only, and the Clerk of Court must reopen this case.

3. Kenneth Mazon must file a claim pursuant to the Notice to Claimants (Doc. 8) within 30 days of the date of this Order. His failure to do so within this time will result in the Court re-entering final judgment and closing this case without further notice.

Dated this 19th day of November, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge